People v Cruz (2022 NY Slip Op 02367)

People v Cruz

2022 NY Slip Op 02367

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Ind. No. 6353/09 Appeal No. 15703 Case No. 2016-2092 

[*1]The People of the State of New York, Respondent,
v
Felipe Rivera Cruz, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel), and Boies Schiller Flexner LLP, New York (Nicholas J. Standish of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 4, 2013, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
Defendant preserved his challenge to the court's initial Sandoval ruling, but failed to preserve his challenge to the court's ruling that the defense expert's testimony opened the door to cross-examination of both the expert and defendant about additional prior bad acts, and we decline to review it in the interest of justice. As an alternative holding, we find that all of those rulings were provident exercises of discretion. Defendant's history of violent crime was relevant not only to his credibility, but also to rebut the expert's testimony in support of defendant's extreme emotional disturbance defense (see People v Cass, 18 NY3d 553, 563 [2012]). Any prejudice was minimized by the court's limiting instructions, which the jurors presumably followed (see People v Morris, 21 NY3d 588, 598 [2013]). Moreover, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant did not preserve his claim that the court should have charged first-degree manslaughter as a lesser included offense of second-degree murder based on the theory that, as a result of intoxication, defendant acted only with intent to cause serious physical injury rather than death. The record of the charge conference makes clear that defense counsel was requesting submission of first-degree manslaughter only on the basis of the affirmative defense of extreme emotional disturbance, which, if accepted, reduces a murder charge accordingly (Penal Law § 125.25[1][a]). Counsel made no further requests regarding lesser included offenses, and we decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find that there was no reasonable view of the evidence, viewed in the light most favorable to defendant, that he intended to cause serious physical injury but not death (see e.g. People v Vega, 68 AD3d 665 [1st Dept 2009], lv denied 14 NY3d 806 [2010], cert denied 562 US 925 [2010]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022